*In re* HILL, Bankrupt.

(*District Court, D. Delaware.* January 15, 1881.)

1. BANKRUPTCY—SCHEDULE OF CREDITORS—AMENDMENT.

An application by a bankrupt for leave to amend his schedule of creditors for the purpose of inserting the name of a creditor, inadvertently omitted, is grantable of-course, and is properly an *ex parte* proceeding, requiring no notice to the creditors. To such an amendment creditors have no right to object.

In Bankruptcy.

This is an application by the bankrupt to amend his schedule of creditors by adding the name of James R. Short, an unsecured creditor, to the list. He alleges in his sworn peti-

tion filed herewith that the name of said creditor was accidentally and inadvertently omitted from the same.

*E. G. Bradford, Jr.*, for bankrupt.

*I. C. Grubb* and *W. H. White, contra.*

BRADFORD, D. J.   This application was opposed by the last-named counsel, on behalf of the said Short, who did not appear of record, and had not proven his claim.   They took the position that a bankrupt could not be discharged so long as he has omitted the names of any of his creditors from his schedule; and as a creditor who had not proven his claim had a right to oppose the discharge of such bankrupt on his petition for discharge, he would have the same standing in court and the same right to oppose the performance of any act of the bankrupt which became and was a condition precedent to his discharge.

In opposition to this, it was contended by the counsel for the bankrupt that by section 5022, U. S. Rev. St., power to amend from time to time the bankrupt's list of creditors is given in the following words: "Every bankrupt shall be at liberty, from time to time, upon oath, to amend and correct his schedule of creditors and property, so that the same shall conform to the fact;" and, also, that such application for leave to amend is *ex parte*, and that no creditor has the right to oppose the proceeding.

The provisions of the above-quoted act are mandatory and positive in their character, granting rights to the bankrupt which the court has no discretion to refuse at this stage of the case; and as the proposed amendment of the schedule does not affect the *status* of the creditor in opposing the final discharge of the bankrupt, it would be inequitable and unreasonable to refuse to permit the amendment as prayed for to be made.

Admitting the fact of the right of the creditor to oppose the granting of the final discharge, it does not follow, as claimed by the counsel for the creditor, that they have a right to object to the performance of an act which is permitted by the aforesaid section to be done at any time before the bankrupt's discharge, and which is a condition precedent to his dis-

charge. The court is also of opinion that the creditor has no standing in court at this time; that the proceeding is properly *ex parte*, and requires no notice to the creditors.

The prayer of the petition is, therefore, granted.